## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

MICHAEL CASEY JACKSON,

       *Petitioner*                 CRIM. CASE NO: 1:16-cr-20347

                                      CIV. CASE NO.: 1:18-cv-10136

*v.*                                   DISTRICT JUDGE THOMAS L. LUDINGTON

                                      MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

        *Respondent.*

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITIONER'S 28 U.S.C. § 2255 MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE
### (Doc. 32)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## II.   REPORT

### A.   Introduction

Petitioner Michael Casey Jackson's 28 U.S.C. § 2255 motion to vacate his prison sentence (Mot. to Vacate, Doc. 32), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 35.)

On June 24, 2016, Petitioner Michael Casey Jackson ("Petitioner" or "Jackson") pleaded guilty to unlawful imprisonment in violation of 18 U.S.C. §13, 1152; M.C.L. 750.349b pursuant to a Rule 11 plea agreement. (Doc. 19.)  A judgment filed on January 30, 2017, sentenced Petitioner to 165 months incarceration and three years of supervised release. (Doc. 31 at ID 118-19.) Petitioner did not file an appeal.

On January 11, 2018, Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 31.) The government responded (Doc. 37), and Petitioner replied. (Doc. 38.)

## B.   Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided

adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v.*

*Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

 506 U.S. 364, 369 (1993) (citations omitted).

## C. Analysis and Conclusions

Petitioner contends that counsel was ineffective because counsel failed to argue that "the court lacked authority to convict or punish Petitioner in the first place because 1) the place/house/location is not on tribal land; and 2) prior inconsistent judgments in the County and Tribal Courthouses were in ab initio." (Doc. 32 at ID 140.) The second argument is obtuse but appears to contend that the state court's handling of personal protection orders (PPOs) conflict with either the tribal court or this court's jurisdiction. This argument fails as PPOs are within the exclusive jurisdiction of the state court and thus, do not conflict with this court or the tribal court. As to the former argument, Petitioner explains that his counsel could have "easily accessed the local county records to establish the fact that the property/house/location of where the alleged indicted crime occurred was not on tribal owned property, even [t]hough the address/house/location is within the exterior bound[a]ries of the Tribal Reservation." (Doc. 32 at ID 141). Petitioner also complains that this prosecution without jurisdiction also violates the due process clause of the United States Constitution. (Doc. 32 at ID 141.)

As noted by the government in its response and as admitted above by Petitioner, the home address wherein the crime occurred falls squarely within the Isabella Reservation of the Saginaw Chippewa Indian Tribe of Michigan. (Doc. 37, Exs. C and D.) Petitioner's contention is that jurisdiction in this Court is lacking because the land in question was not owned by the tribe, but rather is owned by an individual non-Indian. (Doc. 32 at ID 141.) Under 18 U.S.C. § 1151, Indian Country is defined as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent..." Therefore, even if the land has been patented by the United States to a person such that neither the United States nor the tribe owns the parcel of land, as long as the land is located within reservations boundaries, it meets the definition of Indian Country and jurisdiction in this federal court is appropriate. *United States v. Miller*, 26 F. Supp. 2d 415, 427 (N.D. N.Y. 1998); 18 U.S.C. §1152. Counsel could not be ineffective for failing to put forth this jurisdictional challenge because it lacks merit.

I therefore recommend that the petition be denied.

### D.    Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual

dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in her motion.

### E.  Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion.

## III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 14, 2018

S/ Patricia T. Morris
Patricia T. Morris
United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Michael Casey Jackson #26116039 at Yazoo City Medium Federal Correction Complex, P.O. Box 5888, Yazoo City, MS 39194.

Date: March 14, 2018

By s/Kristen Castaneda
Case Manager