UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL CASEY JACKSON,

        Petitioner,                            Case No. 16-cr-20347

v.                                                  Honorable Thomas L. Ludington
                                                        Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, DENYING MOTION FOR EXTENSION OF TIME AS MOOT, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

On January 30, 2017, Petitioner Michael Casey Jackson was sentenced to 165 months of incarceration after pleading guilty to one count of unlawful imprisonment. ECF No. 31. On January 10, 2018, Jackson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 32. That motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 35. On March 14, 2018, Judge Morris issued a report recommending that the motion to vacate be denied. ECF No. 39. On April 2, 2018, Jackson filed a motion for an extension of time to respond to the Government's response brief. ECF No. 40. The next day, before his motion for an extension of time was ruled upon, Jackson filed objections to the report and recommendation. For the following reasons, Jackson's objections will be overruled, the report and recommendation will be adopted, his motion to vacate will be denied, and his motion for an extension will be denied as moot.

**I.**

Jackson does not object to Judge Morris's procedural or factual summary of his case. For that reason, Judge Morris's summary will be adopted and reproduced here:

> On June 24, 2016, Petitioner Michael Casey Jackson ("Petitioner" or "Jackson") pleaded guilty to unlawful imprisonment in violation of 18 U.S.C. §13, 1152; M.C.L. 750.349b pursuant to a Rule 11 plea agreement. (Doc. 19.) A judgment filed on January 30, 2017, sentenced Petitioner to 165 months incarceration and three years of supervised release. (Doc. 31 at ID 118-19.) Petitioner did not file an appeal.

Rep. & Rec. at 1, ECF No. 39.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the

magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**III.**

Jackson has raised three objections to the Magistrate Judge's report and recommendation. Each of the objections closely track with arguments he made in his motion to vacate and which Judge Morris rejected. First, Jackson argues that his federal court conviction should be overturned because the Court lacked jurisdiction. He argues that the address where the offense occurred "is still Public/Private Property because the utilities are all City/County, including all taxes paid for by the owner." Objs. at 2. For that reason, Jackson believes that the address is outside the bounds of "Indian Country." Second, Jackson argues that his counsel was ineffective for failing to investigate and raise this jurisdictional issue. Third, Jackson requests an evidentiary hearing.

Because the address where the offense occurred is within Indian Country, Jackson's objections have no merit. In response to Jackson's argument that the address was outside Indian Country because it is owned by an individual non-Indian, Judge Morris reasoned:

> Under 18 U.S.C. § 1151, Indian Country is defined as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent..." Therefore, even if the land has been patented by the United States to a person such that neither the United States nor the tribe owns the parcel of land, as long as the land is located within reservations boundaries, it meets the definition of Indian Country and jurisdiction in this federal court is appropriate. *United States v. Miller*, 26 F. Supp. 2d 415, 427 (N.D. N.Y. 1998); 18 U.S.C. §1152.

Rep. & Rec. at 5.

Jackson now faults Judge Morris for failing "to produce any documentation that showed that the address where the alleged crime/offense occurred was legally patented to the United States." Objs. at 2. However, as Judge Morris noted, 18 U.S.C. § 1151 defines "Indian Country" without relying on "the issuance of any patent." In other words, the fact that the land where the offense occurred is not owned by the Tribe or United States is irrelevant for jurisdictional purposes.

Jackson likewise argues that the land is not within Indian Country because the owner pays state and local taxes. However, the designation of land as Indian Country pursuant to § 1151 does not necessarily immunize landowners within the reservation from civil taxation. *See Osage Nation v. Oklahoma ex rel. Oklahoma Tax Comm'n*, 597 F. Supp. 2d 1250, 1264 (N.D. Okla. 2009) ("[§ 1151] does not establish civil immunities from state taxation."); *Thompson v. Cty. of Franklin*, 987 F. Supp. 111, 126 (N.D.N.Y. 1997) (explaining that state and local governments have the power to tax Indian lands providing there is "unmistakably clear congressional intent to allow such taxation").

Finally, Jackson argues that he was "originally arrested in 2016 on a prior case by the State of Michigan . . . at the same exact address" and that his 2016 conviction was handled in state court. Objs. at 3. But the circumstances of his 2016 arrest are not relevant for purposes of determining jurisdiction over the conviction Jackson now challenges. As Judge Morris explained (and as reaffirmed above), the Court possessed jurisdiction.[1] Because jurisdiction existed, Jackson's counsel was not ineffective for failing to investigate and raise this issue. Likewise, because settled

---

[1] Jackson argues that Judge Morris did not identify any evidence that the address in question fell within Indian Country. However, the Government's response brief includes several exhibits which demarcate the bounds of the reservation and clearly situate the address where Jackson was arrested within those borders. *See* Gov. Resp., ECF No. 37, Ex. A, B, C, & D.

law and clearly defined borders confirm that Jackson's arrest occurred within Indian Country, no evidentiary hearing is necessary. Jackson's objections will be overruled.

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner Jackson's objections, ECF No. 41, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 39, is **ADOPTED.**

It is further **ORDERED** that Petitioner Jackson's motion to vacate, ECF No. 32, is **DENIED.**

It is further **ORDERED** that Petitioner Jackson's motion for an extension of time, ECF No. 40, is **DENIED as moot.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: May 7, 2018               s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2018.

                                 s/Kelly Winslow
                                 KELLY WINSLOW, Case Manager