UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,           Case No. 1:16-cr-20347

v.                                     Honorable Thomas L. Ludington
                                       United States District Judge

MICHAEL CASEY JACKSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

In January 2017, Defendant Michael Casey Jackson was sentenced to 165 months' incarceration after pleading guilty to one count of unlawful imprisonment, 18 U.S.C. §§ 13, 1151, 1152; MICH. COMP. LAWS § 750.349b. ECF No. 31.

One year later, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 32, which was denied, *Jackson v. United States*, No. 16-CR-20347, 2018 WL 2093947 (E.D. Mich. May 7, 2018). The Sixth Circuit Court of Appeals refused to issue a certificate of appealability because "reasonable jurists would not debate the district court's resolution of Defendant's claims." *Jackson v. United States*, No. 18-1620, 2018 WL 11303587, at *1 (6th Cir. Aug. 27, 2018). Then he filed a petition for a writ of certiorari, ECF No. 47, which was denied, *Jackson v. United States*, 139 S. Ct. 1545 (2019) (Mem.), and a petition for rehearing, ECF No. 48, which was denied, *Jackson v. United States*, 140 S. Ct. 11 (2019) (Mem.).

On December 1, 2022, Defendant filed a "Rule 60(b) Motion for Reconsideration," ECF No. 50 at PageID.223, which was denied because Rule 60(b), a Federal Rule of *Civil* Procedure, may not be used to modify a criminal sentence or conviction, ECF No. 51 at PageID.243 (citing *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (unpublished)).

Nineteen days later, Defendant filed a "Motion in support of the Rule 60(b) Motion for reconsideration," which will be construed as a motion for reconsideration. ECF No. 52. Defendant again seeks an order vacating his 165-month sentence and directing his immediate release from prison under Federal Rule of Civil Procedure 60(b). *Id.* at PageID.254.

The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, but the Supreme Court has held that defendants may file them in criminal cases. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991) (per curiam); *see also United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020) (unpublished). "Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases." *United States v. Estrada*, No. 14-CR-20425, 2022 WL 17682630, at *1 (E.D. Mich. Dec. 14, 2022).

Reconsideration is permitted in three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Defendant does not argue that this Court made a mistake in concluding that Federal Rule of Civil Procedure 60(b) may not be used to modify a criminal conviction. Nor does Defendant argue that an intervening change in controlling law or new facts permit Rule 60(b) to be used to modify a criminal sentence. Defendant merely reasserts his conviction should be overturned because this Court lacked jurisdiction. *See generally* ECF No. 52. So his motion must be denied. *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022) (collecting cases); *accord Smith ex rel. Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments." (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998))).

- 3 -

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 52, is **DENIED**.

Dated: January 4, 2023  　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge